UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN MILEUSNIC *et al.*,<br>    Plaintiffs, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:17-CV-398-JTM-JEM |
| PLANET HOME LENDING, LLC,<br>and UNKNOWN DOES,<br>    Defendants. | )<br>)<br>)<br>)<br>) |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(3) and Local Rule 72-1**

This matter is before the Court due to the failure of Plaintiffs John Mileusnic, Diane Mileusnic, and Jordan Mileusnic to appear at the Show Cause Hearing of April 19, 2018, at 10:45 a.m., and the Rule 16 Pretrial Conference of February 22, 2018.

On November 8, 2017, by written Order, the Court set this matter for a Pretrial Conference on December 14, 2017, at 10:45 a.m. The Mileusnic Plaintiffs, who are proceeding *pro se*, contacted the Court by email the same day requesting a continuance, which was granted despite the lack of formal motion, and Plaintiffs were informed, in writing, that the Pretrial Conference was reset for February 22, 2018, at 10:00 a.m. The Plaintiffs failed to appear without explanation, so the Court set the matter for a hearing to inquire into Plaintiffs' failure to appear, to be held on April 19, 2018, warning Plaintiffs that their failure to appear could result in sanctions, including dismissal of their case. None of the Mileusnic Plaintiffs appeared at the show cause hearing set for April 19, 2018, without explanation. The docket reflects that a copy of the order was sent to each of the plaintiffs and they were received on March 5, 2018.

Under Rule 41(b), a court may dismiss a claim "[i]f the plaintiff fails to prosecute or comply with . . . a court order . . ." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute "is an

extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)) (quotation marks and other citations omitted). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *Gabriel*, 514 F.3d at 736; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff.").

Given the conduct of Plaintiffs, this case presents one of those "extreme situations." *Gabriel*, 514 F.3d at 736. None of the Mileusnics has appeared at any of the hearings set by the Court, filed any response to the pending Motion to Dismiss, participated in scheduling conferences with opposing counsel as ordered, or even properly served any documents or motions in the case after the Complaint. The Court also finds that proper warning has been given to Plaintiffs. *See Gabriel*, 514 F.3d at 736; *Sharif*, 376 F.3d at 725. "'Due warning' need not be repeated warnings and need not be formalized in a rule to show cause . . . . But there should be an explicit warning in every case." *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). In this case, Plaintiffs received "due warning" in a formal Show Cause Order sent via certified mail, and the Court finds that dismissal is warranted by Plaintiffs' failure to comply with the Show Cause Order of February 22, 2018.

Accordingly, the Court finds that no cause has been shown and **RECOMMENDS** that the District Court **DISMISS this case without prejudice**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with

a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988)

SO ORDERED this 2nd day of May, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: Judge James T. Moody
All counsel of record
Plaintiffs John Mileusnic, Diane Mileusnic, and Jordan Mileusnic *pro se*, by first class and certified mail, return receipt requested